United States District Court
Southern District of Texas
**ENTERED**
March 01, 2024
Nathan Ochsner, Clerk

# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF TEXAS
# HOUSTON DIVISION

| | | |
|---|---|---|
| PALO R.,[1] | § | |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| v. | § | No. 4:22-cv-01962 |
| | § | |
| MARTIN O'MALLEY, | § | |
| Acting Commissioner of Social | § | |
| Security, | § | |
| | § | |
| *Defendant.* | § | |

## REPORT AND RECOMMENDATION
## ON PLAINTIFF'S MOTION FOR ATTORNEY'S FEES

Pending before the Court is Plaintiff Palo R.'s ("Plaintiff") motion for attorney's fees and costs. Pl.'s Mtn, ECF No. 14.[2] The Commissioner of the Social Security Administration ("Commissioner") does not oppose the motion. Def.'s Resp., ECF No. 16. Based on the briefing, evidence, and applicable law, the Court recommends that Plaintiff's motion be GRANTED.

---

[1] The Court uses only Plaintiff's first name and last initial. *See* "Memorandum Re: Privacy Concern Regarding Social Security and Immigration Opinions," Committee on Court Administration and Case Management of the Judicial Conference of the United States (May 1, 2018).

[2] On December 19, 2023, the District Judge to whom this case is assigned referred Plaintiff's motion for attorney's fees under 28 U.S.C. § 636(b)(1)(B). ECF No. 15. Plaintiff's motion is appropriate for report and recommendation pursuant to 28 U.S.C. § 636(b)(1)(B). *See Revill v. Comm'r of Soc. Sec. Admin.*, No. 1:18-CV-634, 2021 WL 3463899, at *2 (E.D. Tex. Apr. 23, 2021).

## I.       PROCEDURAL OVERVIEW.

On June 16, 2023, Plaintiff filed a brief requesting judicial review of Commissioner's decision denying his application for disability insurance benefits. ECF No. 7. On July 14, 2023, Commissioner filed a motion for summary judgment seeking to affirm the decision of the ALJ. ECF No. 8. On September 18, 2023, the district judge issued a Memorandum and Order granting Plaintiff's motion for summary judgment, denying Commissioner's motion for summary judgment, reversing the ALJ's decision denying benefits, and remanding the case to Commissioner. ECF No. 11. The Court entered a Final Judgment on September 18, 2023. ECF No. 12.

On December 18, 2024,[3] Plaintiff filed the instant motion under the Equal Access to Justice Act ("EAJA"), 28 U.S.C § 2412, seeking an award of attorney's fees and costs. ECF No. 14. In support of his motion, Plaintiff submitted: (1) Agreed Order, dated March 16, 1989, signed by Chief Judge Sanders of the Northern District of Texas, Dallas Division, ECF No. 14-2; (2) U.S. Bureau of Labor Statistics CPI for All Urban Consumers in Dallas-Fort Worth-Arlington, TX from 1996 to 2023, ECF No. 14-3; (3) "Texas Attorneys Report on Hourly Rates" by Cynthia L. Spanhel, Ph.D., CAE and Leah V. Shimatsu, published February 1996, ECF No. 14-

---

[3] The Court granted Plaintiff additional time to file his motion for attorney's fees. ECF No. 17. In accordance with the Court's Order, the instant motion is timely.

4; (4) "The State of Rates" by Jeanne Graham, published October 1, 2012, ECF

No. 14-5; (5) Declaration of Michael Kelly and Declaration of Martin W. Long, ECF

No. 14-6; and (6) Services Rendered by Attorney Michael T. Kelly and Summary of

Attorney Hours of Martin W. Long, ECF No. 14-7.

## II.   PLAINTIFF SHOULD BE AWARDED ATTORNEY'S FEES UNDER THE EAJA.

The EAJA permits the recovery of attorney's fees in proceedings for judicial

review of an agency's action. 28 U.S.C. § 2412(d)(1)(A).[4] The statute dictates that

attorney's fees should not be awarded in excess of $125 per hour, unless the court

determines that an increase in the cost of living or a special factor justifies a higher

fee. *See id.* § 2412(d)(2)(A)(ii). The Court has wide discretion in calculating any

increase in the hourly rate. *Mesecher v. Berryhill*, No. 15-CV-859, 2017 WL

4417682, at *1 (N.D. Tex. Oct. 3, 2017); *Chargois v. Barnhart*, 454 F. Supp. 2d 631,

634 (E.D. Tex. 2006). Plaintiff's counsel seeks an hourly fee of $230.05 for 34.90

hours worked in 2022 and 2023, for a total of $8,028.74. ECF No. 14-7.

Courts   must   determine   whether   the   fee   is   reasonable,   requiring   an

---

[4] A party is entitled to recover attorney's fees from the United States when, at a minimum, the following four elements are met: (1) he is a prevailing party; (2) he timely files a fee application supported by an itemized statement; (3) the court finds the position of the government, in the administrative proceedings as well as before the Court, was not substantially justified; and (4) no special circumstances make an award unjust. *Perales v. Casillas*, 950 F.2d 1066, 1072 (5th Cir. 1992); *Mesecher v. Berryhill*, No. 15-CV-859, 2017 WL 4417682, at *1 (N.D. Tex. Oct. 3, 2017); *Benoit v. Astrue,* No. H-07-2939, 2008 WL 3928026, at *1 (S.D. Tex. Aug. 27, 2008). Commissioner does not dispute that Plaintiff meets these requirements.

examination of the number of hours worked and the rate sought. *Mesecher*, 2017 WL 4417682, at *2. Typically, in cases of this kind, fee applications range from twenty to forty hours. *Id.* Here, Plaintiff's attorneys seek to be compensated for 34.90 hours and has submitted an itemized statement of the hours worked. *See* ECF No. 14-7. Commissioner does not oppose an award for 34.90 hours. ECF No. 16. This award accounts for the work of two attorneys: Michael T. Kelly worked 2.85 hours in 2022 and 1.30 hours in 2023, and Martin W. Long worked 30.75 hours in 2023. Having reviewed the record in the case, the Court finds that the number of hours sought is reasonable and supported.

Regarding the rate, courts routinely use a cost-of-living adjustment based on the Consumer Price Index ("CPI") report compiled by the United States Bureau of Labor Statistics. *E.g.*, *Day v. Comm'r*, No. 16-CV-210, 2017 WL 4922048, at *2 (E.D. Tex. Oct. 31, 2017); *Chargois*, 454 F. Supp. 2d at 634 (collecting cases). Based on the region where services were performed, the court will use as a base rate the average annual CPI for the year the last time the rate changed, and then compare it to the average annual CPI for when the attorney provided the legal services. *Chargois*, 454 F. Supp. 2d at 634; *accord Perales v. Casillas*, 950 F.2d 1066, 1079 (5th Cir. 1992) (instructing the court on remand to "segregate the attorneys' hours by year and apply the appropriate cost-of-living adjustment on an annual basis"); *Brian K. L. v. Comm'r of Soc. Sec.*, No. 4:20-CV-02810, 2022 WL 2704851, at *n.7

(S.D. Tex. July 12, 2022) ("When determining which CPI figures to use for out-of-state attorneys, the Court finds it most appropriate to use data specific to the Houston area, where this Court is located.") (citing *Mesecher v. Berryhill*, No. 4:15-CV-0859, 2017 WL 4417682, at *2 *(*N.D. Tex. Oct. 3, 2017) (finding the use of city-specific data where the court was located appropriate)).  If the CPI increased from the time the rate changed to the time services were performed, "the court calculates the percentage difference and approves an excess hourly fee corresponding to the calculated percentage increase." *Chargois*, 454 F. Supp. 2d at 634*.*

Here, Plaintiff's counsel is based in Dallas, but filed this case in Houston. *See Matthews v. Berryhill*, No. 4:18-CV-4795, 2020 WL 242487, at *3 (S.D. Tex. Jan. 16, 2020).[5] Plaintiff's counsel claims fees for work performed in 2022 and 2023. The CPI last changed in 1996 ($75 to $125 per hour). In 1996, the annual average CPI for Houston-The Woodlands-Sugar Land, Texas was 142.7.[6]

The hourly rates for the relevant years are as follows:

---

[5] Based on data related to rates in Dallas, Plaintiff's attorney came to a slightly higher calculation of his fees for 2022, and a slightly lower calculation of his fees for 2023. *See* ECF Nos. 14-2; 14-3; 14-4; 14-5. Because the place services are performed is where the court is located, the Houston-The Woodlands-Sugar Land, Tx rate is the proper rate, not the Dallas rate. *See Brian K. L.*, 2022 WL 2704851, at *n.7 ("When determining which CPI figures to use for out-of-state attorneys, the Court finds it most appropriate to use data specific to the Houston area, where this Court is located.") (citing *Mesecher*, 2017 WL 4417682, at *2 (finding the use of city-specific data where the court was located appropriate)).

[6] The Court obtained CPI numbers used to calculate Plaintiff's attorney's fees from this chart. *See* Consumer Price Index, All Urban Consumers (CPI-U), Houston-The Woodlands-Sugar Land, Tx, https://data.bls.gov/timeseries/CUURS37BSA0?amp%253bdata_tool=XGtable&output_view=data&include_graphs=true (last visited February 16, 2024).

- For 2022, the CPI for Houston-The Woodlands-Sugar Land, Texas is 258.660. The percentage difference between 1996 and 2022 is 181.26% (258.660/142.7). Therefore, the hourly rate for 2022 is $226.58/hour (181.26% x $125/hour).

- For 2023, the CPI for Houston-The Woodlands-Sugar Land, Texas is 267.607. The percentage difference between 1996 and 2023 is 187.53% (267.607/142.7). Therefore, the hourly rate for 2023 is $234.41/hour (187.53% x $125/hour).

In 2022, Plaintiff's attorney worked 2.85 hours. At $226.58/hour, his total fee is $645.75. In 2023, Plaintiff's attorneys worked 32.05 hours. At $234.41/hour, his fee is $7,512.84. The sum of the fees is $8,158.59. The Court finds that this fee is reasonable for the hours worked. *See Mesecher*, 2017 WL 4417682, at *2; *Day*, 2017 WL 4922048, at *2.

## III.   PLAINTIFF SHOULD BE AWARDED COSTS UNDER THE EAJA.

The EAJA also provides for an award of costs, as defined by those enumerated in 28 U.S.C. § 1920. *See* 28 U.S.C. § 2412(a)(1). Section 1920 lists "[f]ees of the clerk" as a taxable cost, 28 U.S.C. § 1920(1), and thus court filing fees are an appropriate award under the EAJA. *Ybarra v. Astrue*, No. 07-CV-329, 2008 WL 2779291, at *5 (S.D. Tex. July 15, 2008); *see, e.g.*, *Little v. Berryhill*, No. 17-CV-328, 2018 WL 8754166, at *1 (S.D. Tex. Aug. 16, 2018) (awarding Plaintiff the

filing fee as a cost), *report and recommendation adopted*, 2018 WL 9991758 (Sept. 19, 2018). Plaintiff is entitled to the $402 filing fee.[7]

## IV.   CONCLUSION.

The Court **RECOMMENDS** that Plaintiff's motion for attorney's fees and costs be **GRANTED**, and Plaintiff should be awarded $8,158.59 in attorney's fees and $402.00 reimbursable costs from the Judgment Fund.

**The parties have fourteen days from service of this Report and Recommendation to file written objections. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). Failure to file timely objections will preclude appellate review of factual findings and legal conclusions, except for plain error. *Ortiz v. City of San Antonio Fire Dep't*, 806 F.3d 822, 825 (5th Cir. 2015).**

**SIGNED** at Houston, Texas, on March 1, 2024.

**Dena Hanovice Palermo**
**United States Magistrate Judge**

---

[7] The filing fee should be paid from the Department of Justice's Judgment Fund. *See Little*, 2018 WL 8754166, at *1 n.2.